# UNITED STATES DISTRICT COURT

for

## District of Guam

**Petition for Warrant or Summons for Offender Under Supervision**

| | | | |
|---|---|---|---|
| Name of Offender: | **Marlene R. Borja** | Case Number: | **CR 97-00142-001** |

Name of Sentencing Judicial Officer:  John S. Unpingco

Date of Original Sentence:  April 17, 1998

Original Offense:  Embezzlement by a Bank Employee, in violation of 18 U.S.C. § 656.

Original Sentence:  Zero months imprisonment; three years supervised release; 150 hours Community Service; obtain and maintain lawful employment; complete high school education, not incur any additional loans without the approval of the U.S. Probation Office (USPO); provide access to any financial information, pay restitution to the Bank of Hawaii in the amount of $9,129.21 and pay a $100 Special Assessment Fee. **Modified** September 21, 1998 to include the completion of at least four individual or group family sessions with the Pacific Area Counseling Network. **Modified** February 17, 1999 to include participation in urinalysis; complete 150 hours of community service by March 8, 1999; and report to probation every Monday to submit proof of six employment applications until employed. **Revoked** August 31, 1999, ordered to serve nine months imprisonment with 51 months of supervised release to follow. She was ordered to pay $9,129.21 restitution. **Modified** August 16, 2000, ordered to: refrain from the use of alcohol; participate in drug treatment and testing; participate in a parenting class; obtain and maintain gainful employment; support dependents; not associate with Jennifer L. Fejeran; not incur any additional loans or lines of credit; and complete her high school education. **Modified** March 28, 2002, ordered to perform additional 150 hours of community service. **Modified** March 28, 2002, ordered to serve three months of electric monitoring (curfew portion of the program). **Revoked** January 15, 2003, ordered to serve ten months imprisonment with 41 months of supervised release to follow. She was ordered to participate in drug treatment and testing, submit to a mental health intake assessment and any recommended treatment, report weekly to the USPO for guidance and instruction, notify employers of criminal history and perform 400 hours of community service. All conditions previously ordered and modified were re-imposed. **Informational Violation Report,** May 28, 2004. **Modified** August 24, 2004, ordered to serve three months of home detention with electronic monitoring and to participate in a psychological assessment and any recommended treatment. **Revoked** February 10, 2005, ordered to serve 30 days home confinement with electronic monitoring with 36 months supervised release to follow. All conditions previously ordered and modified were re-imposed. In addition the Court ordered restitution be paid at a rate of $400 per month, as garnished from her employment wages. **Revoked** July 8, 2005, and ordered to serve nine months imprisonment and 31 months supervised release to run concurrently with criminal case no. 02-00059-001. All conditions previously ordered and modified were re-imposed with the exception of community service.

| | | | |
|---|---|---|---|
| Type of Supervision: | Supervised Release | Date Supervision Commenced: | May 19, 2006 |
| Assistant U.S. Attorney: | Marivic P. David | Defense Attorney: | John T. Gorman |

**PETITIONING THE COURT**

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision in violation of 18 U.S.C. § 3583(d):

| Violation Number | Nature of Noncompliance |
|---|---|
| Mandatory Condition | Failure to refrain from committing another federal, state, or local crime. |

✎Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

    ☒ revoked.

    ☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

**See attachment:**
*Declaration in Support of Petition; Re: Violations of Supervised Release, Request for a Summons*
**submitted by USPOS Carmen D. O'Mallan**

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer

Date: November 21, 2007

I declare under penalty of perjury that the foregoing is true and correct.

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist

Executed on: November 21, 2007

**THE COURT ORDERS:**

☐ **No action.**

☐ **The issuance of a warrant.**

☐ **The issuance of a summons.**

☐ **Other**

# VIOLATION WORKSHEET

1. Defendant **Marlene Reyes Borja**
2. Docket Number (Year-Sequence-Defendant No.)  **Criminal Case No. 97-00142-001**
3. District/Office   Guam
4. Original Sentence Date   4 / 17 / 1998
       month  day  year

(If different than above):
5. Original District/Office   N/A
6. Original Docket Number (Year-Sequence-Defendant No.)   N/A
7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to refrain from committing another federal, state, or local crime. | B |
| • | |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))     **B**
9. Criminal History Category (see §7B1.4(a))     **I**
10. Range of Imprisonment (see §7B1.4(a))     **4 - 10 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

Defendant: **Marlene Reyes Borja**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | $10,251.60 | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: N/A to N/A years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 21 - 27

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

Case 1:97-cr-00142    Document 102-2    Filed 11/23/2007    Page 2 of 2

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 97-00142-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. | ) | |
| | ) | |
| MARLENE R. BORJA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re: Violations of Supervised Release Conditions; Request for a Summons**

I, U.S. Probation Officer Specialist Carmen D. O'Mallan, am assigned to supervise the Court-ordered conditions of supervised release for Marlene R. Borja, and in that capacity declare as follows:

On April 17, 1998, Marlene R. Borja was sentenced to zero months imprisonment and three years of supervised release for the offense of Embezzlement by a Bank Employee, in violation of 18 U.S.C. § 656. Her term of supervision was revoked on August 31, 1999 and January 15, 2003 for respective imprisonment terms of nine months and ten months. Her term of supervised release was once again revoked on February 10, 2005, and she was ordered to serve 30 days of home confinement with electronic monitoring and 36 months supervised release to follow. All conditions previously ordered were reimposed. She was again revoked on July 8, 2005 for violating mandatory special conditions of her release. She was ordered to serve nine months imprisonment and 31 months supervised release. Ms. Borja is presently serving a concurrent term of supervision for a separate federal conviction for Bank Fraud, in violation of 18 U.S.C. § 1344, under USDC Cr. Cs. #02-00059-001. She is alleged to have violated the following conditions of supervision:

**Mandatory Condition**: *The defendant shall not violate another federal, state, or local law.*

On October 24, 2007, Ms. Borja contacted this Officer by telephone and stated that she has not been working at her place of employment, the Coffee Beanery for the last two days. She cited

DECLARATION IN SUPPORT OF PETITION
Violations of Supervised Release Conditions, Request for a Summons
Re:    BORJA, Marlene R.
Criminal Case No. 97-00142-001
November 21, 2007
Page 2

the reason as being the discovery that she and a co-worker had been stealing money from the company.  Ms. Borja admitted that she began to take money from the cash register since September of this  year, and she estimates she stole approximately $200 per week.  She further stated that she admitted her criminal activities to her employer upon confrontation by him of his suspicion that she was stealing from his company.  Ms. Borja was instructed to provide a written account of her involvement in this incident.

In a written statement submitted on October 26, 2007, Ms. Borja stated that in August of this year, her co-worker informed her of " what she was doing."  She stated that around September, she (Ms. Borja), began tampering with the money inside the register at the Coffee Beanery.  She stated that she started to charge her regular customers less than the actual cost of their drinks, such as charging them $3.85 per cup rather than the actual cost of $4.25.  She  then began to take customers' money for purchased items that she did not punch in, and would then remove the money from the register.  She calculated that she removed $200 per week on busy days.  She stated that she admitted what she did when confronted by her employer.  She also informed him that until she became aware that her co-worker was stealing from the company, she was able to handle money as a cashier.  Ms. Borja stated that knowing what her co-worker was doing, "triggered my past doings and I could not stop myself.  I pushed it to the limit."

In an interview with Warren Han, the owner of Coffee Beanery, he stated that he has been in the retail business for approximately 15 years, and is well aware of his business inventory and the sales trends of his company.  He stated that about two months ago, he noticed a drop in sales and inconsistencies in the money balance of his shop.  He began to monitor the daily sales more closely, and particularly while Ms. Borja was working as he knew she had a criminal history, and also because she had been identified by other employees as taking from the company.  He reported that Ms. Borja had been handling the cash register for approximately three to four months.  Mr. Han stated that on October 22, 2007, when he initially confronted Ms. Borja of his suspicion, she did not admit to any wrong doing.  He informed her that he would give her two days to be honest with him. He stated that after two days, Ms. Borja contacted him and admitted that she had been taking money from the company.  He estimated that she was responsible for taking approximately $3,000 from Coffee Beanery.  Mr. Han stated that he only required her to pay back $1,500 as she was honest with him and agreed to be a witness against a co-worker who also stole from the company.  Mr. Han stated that he promised Ms. Borja that in return for her confession and agreement to make restitution, he would not press charges against her.

DECLARATION IN SUPPORT OF PETITION
Violations of Supervised Release Conditions, Request for a Summons
Re:     BORJA, Marlene R.
Criminal Case No. 97-00142-001
November 21, 2007
Page 3

In a follow-up w-up interview with Janet Han, who is Warren Han's wife and co-owner of the Coffee Beanery, she confirmed that she and her husband were both aware of Ms. Borja's criminal past from Ms. Borja, herself, as well as from the Probation Office. Ms. Borja was hired as a server and not allowed to handle cash. Ms. Han further stated that after she delivered her baby in late May, she and her husband were not able to supervise their coffee shops, which are in three locations. Ms. Borja was a good employee at the time, and they eventually began to trust her to operate the cash register. Ms. Borja was employed with the company since January 9, 2007.

**Special Condition:** *The defendant is to pay restitution of $9,329.68.*

On February 5, 2007, Ms. Borja agreed to a stipulated Motion for Writ of Continuing Garnishment filed by the United States to have her account at the U.S. Navy Federal Credit Union garnished in the amount of $100 per week until her restitution obligation was paid in full. The Writ was signed by the Court on February 7, 2007. On November 5, 2007, the United States filed a Motion To Withdraw Writ Of Continuing Garnishment after being informed by the garnishee in writing that there were not any funds available in Ms. Borja's account. On November 8, 2007, the Court ordered the Writ of Continuing Garnishment withdrawn. Ms. Borja agreed to make restitution payments directly to the Court in the amount of $400 per month. She has since made the following restitution payments: a payment of $200 was received on May 4, 2007; a payment of $300 was received on June 11, 2007; a payment of $300 was received on July 2, 2007; and a payment of $250 was received on October 10, 2007.

Ms. Borja has a principle balance of $2,513.44 for restitution owed under Criminal Case No. 02-00059 and with interest, her current liability is $2,681.70. This amount is owed jointly and severally with her co-defendant, Jennifer Fejeran. She also has a principle balance of $6,293.12 under Criminal Case No. 97-00142 and with interest, her current liability is $10,251.60.

**Supervision Compliance:** On June 6, 2007, Ms. Borja completed the one year substance abuse treatment program. She was referred for psychotherapy in June 2007, after completing the substance abuse program for additional support after she and her husband were reunited upon his return from military duty off island. Psychotherapy sessions were terminated on August 6, 2007, after Ms. Borja successfully completed the program. Ms. Borja remains unemployed at this time. She paid the $100 special assessment fee on June 10, 2000.

**Recommendation:** This probation officer respectfully requests that the Court issue a summons for Marlene Reyes Borja to appear for a hearing to answer or show cause why supervised release should not be revoked, pursuant to 18 U.S.C. § 3583.

DECLARATION IN SUPPORT OF PETITION
Violations of Supervised Release Conditions, Request for a Summons
Re: BORJA, Marlene R.
Criminal Case No. 97-00142-001
November 21, 2007
Page 4


Executed this 21st day of November 2007, at Hagatna, Guam, in conformance with provisions of Title 28 United States Code, Section 1746.

I declare under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.


Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer

By:  /s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer

cc: Marivic P. David, AUSA
John T. Gorman, FPD
File